<u>IN THE COURT OF CRIMINAL APPEALS</u>

VERNON TRAVIS

V.

STATE OF TEXAS

PETITION FOR DISCRETIONARY REVIEW

Respectfully submitted,

Law Offices of Gary F. Churak P.C.
By: Gary F. Churak
State Bar No. 04245500
14310 Northbrook Ste. 210
San Antonio, Texas 78232
Tel: (210) 491-4443
Fax: (210) 491-4446
E-Mail: churaklaw@msn.com
Attorney for Vernon Travis

Appellant Requests oral argument

FILED IN
COURT OF CRIMINAL APPEALS

December 11, 2015

ABEL ACOSTA, CLERK

## CERTIFICATE OF PARTIES, INTERESTED PERSONS, AND COUNSEL

In order that the members of this Court may determine disqualification and recusal under the Texas Rules of Appellate Procedure 15 and 15a, Appellee certifies that the following is a complete list of all parties, attorneys, and other persons who have an interest in the outcome of this proceeding:

| Name of Party | Designation (Appeal/Trial Court) | Counsel |
|---|---|---|
| Vernon Travis III | Appellant/Defendant | Shawn Brown<br>540 S. St. Mary's<br>SanAntonio,Texas78205<br>Trial Counsel |
| | | Brian Orihel<br>540 S. St. Mary's<br>San Antonio, Texas 78205<br>Trial Counsel |
| | | Gary F. Churak<br>Law Offices of<br>Gary F. Churak<br>14310 Northbrook,<br>Ste. 210<br>San Antonio, Texas 78232<br>Appellate Counsel |
| State of Texas | Appellee/State | Scott Monroe<br>District Attorney<br>198th Judicial District<br>402 Clearwater Paseo,<br>Kerrville, Texas 78028<br>Trial Counsel |
| | | Donnie Coleman<br>Assist. District Attorney<br>198th Judicial District<br>402 Clearwater Paseo,<br>Kerrville, Texas 78028<br>Trial Counsel |

1

## REQUEST FOR ORAL ARGUMENT

Appellant requests oral argument.


## NOTATIONS AS TO CITATION FORMS

Appellant uses the following citation forms:

1. The Reporter record will be referred to as the volume number, then "R" and the page number. (E.g.: 3R12 refers to page 12 of the 3rd volume of the reporter's record.)
2. The clerk's record will be referred to as "C", followed by the bates stamped page number.


## TABLE OF CONTENTS

|  | PAGE |
|---|---|
| CERTIFICATE OF PARTIES, INTERESTED PERSONS, AND COUNSEL . . . . . . . . . . . . . . . . . . . | 1 |
| REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2 |
| NOTATIONS AS TO CITATION FORMS . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2 |
| TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . | 2,3 |
| INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 4,5 |
| PRELIMINARY STATEMENT-NATURE OF THE CASE . . . . . . . . . . | 6 |
| POINTS OF ERROR . . . . . . . . . . . . . . . . . . . . . . . . . . . | 6 |

Point of Error No.1

The trial court erred in excusing Juror #3 Lee Burns for cause

Point of Error No.2

Whether the Appellant was provided adequate assistance of counsel

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . .          7

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . .          8

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . .          8

      POINT OF ERROR NO.1 . . . . . . .. . . . . . . . . . . . . . .          8

      POINT OF EROR NO.2 . . . . . . . . . . . . . . . . . . . .          14

PRAYER AND CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . .          15

CERTIFICATE OF COMPLAINCE . . . . . . . . . . . . . . . . . . . . . . . . . . ..          16

CERTIFICATE OF SERVICE . . . . . .. . . . . . . . . . . . . . .          16

# INDEX OF AUTHORITIES

CASES:                                                                          PAGE

*Allridge v. State, 850 S.W.2d 471 (TexCrApp (1991)* . . . . . . . . . . . . . . . . . .  10

*Baldwin v. State, 668 S.W.2d 763 Tex App-Houston {1ˢᵗ Dist.} 1984, no*

*pet*. . . . . . . . . . . . . .                                                   12

*Cockrum v. State, 758 S.W. 2d 577 (Tx Cr App 1988).* . . . . . . . . . . . . . . . . . . . . . .

. . . . .                                                                          10

*Cooke v. State, 735 S.W.2 928 (Tex. App-Houston {14ᵗʰ Dist} 1987, pet*

*ref'd*. . . . . . . . . . . . . . .                                               11

*Hughes v. State, 878 S.W. 2d 142 (Tx Cr App 1993)* . . . . . . . . . . . . . .          11

*McMann v. Richardson 262 F3d 336 (5ᵗʰ Cir. 2001), cert denied 535 U.S. 1120*

*(2002)*. . . . . .                                                                 12

*Perkins v. State 812 S.W.2d 326 Tex Crim* . . . . . . . . . . . .                       12

*Powell v. Alabama 287 U.S. 45 (1932)*. . . . . . . . . . . . . . . . . . . . . .  . . . . . . . . . . . . 12

*Ruth v. State 522 S.W 2d 517 (Tex Crim App 1975).* . . . . . . . .  . . . . . . . . . . . . . . . .     13

*Sanders v. State, 715 S.W. 2d 771 (Tex. App.-Tyler 1986, no pet)*. . . . . . . . . . . . . . . . . 12

Standefer v. State, 59 S.W. 3d 177 ( Tx Cr App 2001) . . . . . . . . . . . . . . . . . . . . 10

*State v. Murphy, 56 Wn 2d 761 (Wash 1960)* . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Strickland v. Washington, 466 U.S. 668 (1984)*. . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Wood v. State, 18 S.W. 3d 642 (Tex. Crim App. 2000  )* ... ....................... 11

STATUTES:

*U.S Const Amend 6* . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . .11

U.S Const Amend IVX. . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . 11

*TEX Rules Criminal Procedure Art 35.16*     .................... ................ 10

PETITION FOR DICRETIONARY REVIEW

TO THE HONORABLE CRIMINAL COURT OF APPEALS:

## PRELIMINARY STATEMENT OF THE NATURE OF THE CASE

Appellant was indicted on November 4, 2013 for one count of Burglary of a Habitation with intent to commit felony offense of Aggravated Assault with a deadly weapon (C-13). Appellant plead guilty to the offense. (C44-46) (2R124-18-20) After a jury trial, the Appellant was found guilty of the offense of Burglary of a Habitation with intent to commit felony offense of aggravated assault on May 7, 2013 (C-66) The Appellant elected to have the jury access punishment and on May 8, 2013 he was sentenced to 55 years TDC. (C-74). The Appellant appealed the judgment of the 198th District Court of Kerr County, Texas to the Fourth Court of Appeals. On November 10, 2015 the Fourth Court of Appeals in Cause No. 04-14-00560-CR affirmed the judgment of the trial court

## STATEMENT OF POINTS OF ERROR

### POINT OF ERROR NO.1

The trial court erred in excusing Juror #3 Lee Burns for cause

### POINT OF ERROR NO.2

The Defendant did not receive adequate assistance of counsel.

## STATEMENT OF THE FACTS

Appellant was charged with Burglary of a Habitation with intent to commit felony aggravated assault with a deadly weapon which resulted from an incident which occurred on September 5, 2013 in Kerrville, Texas. (C-13) Juror No. 3 Lee Burns was struck for cause over the objection of Appellant's counsel. (RR2-126) Appellant plead guilty to the offense (CR-44-46) Appellant elected to have the jury assess punishment (CR-48) Appellant was a veteran who had served a tour of duty in Iraq in 2003 (RR4-47 18/19) Appellant was discharged from the military in 2004 (RR4-59 5/7). Appellant stated drinking and doing drugs after his discharge. (RR4-61-62). On September 4, 2013 Appellant began drinking and doing drugs with Big Mike and Scotty. (RR4-70) Big Mike wanted Appellant and Scotty to scare an individual who owed Big Mike money for drugs. RR4-70-71) Big Mike gave Appellant and Scotty the guns. (RR4-75). Appellant was intoxicated when he broke into the residence. (RR4-88 12/13). A video interview of Appellant was made after his arrest. (RR3-52) Appellant was intoxicated at the time of the interview (RR4-91 18/19) This was confirmed by Sheriff Deputy Ledford who took the interview. (RR3-52 4/5). Appellant was diagnosed in April 2014 with PTSD, polysubstance use disorder and drug inducement disturbance (RR3-150 10/11). While Appellant was testifying a Bailiff administered an unknown medication to the Appellant. (RR4-87) Appellant was found guilty by the jury and assessed a sentence of 55 years.

7

## SUMMARY OF THE ARGUMENT

The trial court erred in excusing Juror #3 Lee Burns for cause.

Additionally, Appellant was not provided adequate assistance of counsel.

## *ARGUMENT*

### *ISSUE NO. 1* (RESTATED)

The trial court erred in excusing Juror #3 Lee Burns for cause

During Voir Dire Juror No. 3, Lee Burns was questioned by both State and

Defense counsel in front of presiding Judge Ables.

THE COURT: This is Juror Number 3, Lee Burns.
And they need to ask you a couple of questions at the bench.

PROSPECTIVE JUROR: All right.

MR. MONROE: Mr. Burns, first of all, thank you
for your response and your input out there. I appreciate that
and appreciate the services you have. I want to ask just a
couple of questions trying to get some brutal honesty here and
not that you would want to do anything but that here.
PROSPECTIVE JUROR: I take an oath that is very
serious.

MR. MONROE: If you have a situation where you
were presented with evidence of PTSD, could you ever entertain
a sentence of 99 years?

PROSPECTIVE JUROR: No, sir.

MR. BROWN: Judge, I'm going to object. That's
improper commitment in this case. There is no evidence of
anything specific in this particular case. That's an improper

8

commitment.

MR. MONROE: Your Honor, our jury has been voir dire ad nauseam on PTSD, and I just asked if he could ever consider that. That's kind of like ignoring an elephant in the room.

MR. BROWN: Judge, the way it should be framed is could you consider it under any circumstances, not limited to one particular issue.

THE COURT: Yeah, it's a -- I don't want anybody to anticipate what's going to happen in this trial, and cannot tell you right now if PTSD will even come in because nobody knows until we start. It is a little bit of a problem because we've talked about it so much it has become the issue. So I'm going to overrule the objection and let you go into it a little bit more because we've had extensive conversation about it, but I want to not warn you Mr. Monroe, but you can't assume that --

PROSPECTIVE JUROR: I understand.

THE COURT: -- the way you think about it or the way anybody else thinks about it or at all it's going to come in.

PROSPECTIVE JUROR: Well, we haven't received any information that there has been a diagnosis or there is any particular thing. However -- and this is probably going to affect more than just me. I know this marine back there who suffered from it. If PTSD is a factor, there is no mention of any option other than a sentence. If the guy has got PTSD, he's got to have treatment so that's another factor that's in the back of the heads of the veterans in the room. Why is there not an option, even if punishment is required, to offer assistance to this guy as well because sometimes, hey, just because we're vets doesn't make us less human. We all make mistakes. We all do bad things from time to time and we all have to pay those consequences. But if

9

you're a veteran and you've got PTSD based on being a veteran, you deserve treatment because you were put where you were not otherwise have been that you otherwise would not have done. He's in service to us, the rest of us, so we owe treatment to him.

MR. BROWN: Judge, I'm going to reurge my objection at this time, Judge, that we're getting into potential facts of the case. There is no facts presented in this. We don't know if there was six or ten people shot at, one person shot at, nobody shot at, PTSD or not, and I think we're getting into --

THE COURT: Do you have any other questions?

MR. MONROE: Well, and I don't have a clue on what's going to be brought out. I don't have a clue.

PROSPECTIVE JUROR: I understand.

MR. MONROE: I know what the State will bring out, but I don't have a clue on what the defense is going to do. Another question I have is that you have a lot of knowledge. Can you keep it to yourself? In other words, if it doesn't come out from the witness chair, you can't give your own opinions about it and it sounds to me like that might be very difficult for you. I don't mean that insulting.

MR. BROWN: Judge, I'm going to object to that. If --

THE COURT: The objection is?

MR. BROWN: The objection is that's a misstatement. If he has a personal knowledge of PTSD, he can use that toward his deliberations concerning this case. If he hears a particular witnesses testify about PTSD and what their testimony is, he can obviously tell the jurors, well, I believe he's credible because he talked about x, y and z or I believe he's not credible because he didn't talk about x, y, and z and

10

that's going to be based on his personal experiences. So he can take his personal experiences back there.
Again, we're talking about specific evidence in this case and we're going down a trail of evidence that we don't know if it's going to be presented or see if it's going to be.

THE COURT: I'll overrule your objection. Go ahead finish your answer -- your question.

MR. MONROE: If I didn't state it accurately, each individual juror is a part of their own personal environment.

PROSPECTIVE JUROR: Sure.

MR. MONROE: And that's part of the process. You're absolutely entitled to it. What I meant was that you can't share it. Do you see what I am saying? You can't give your knowledge to it. If it didn't come from the witness stand, it's not appropriate for you to share anything you know with the other jurors. That's what I meant. Not that it can't be a factor for you --

PROSPECTIVE JUROR: I understand.

MR. MONROE: -- but it can't be for somebody else. And I don't know that I'm asking you to do something, but for some people, that might be saying, you might as well tell me I can't breathe.

PROSPECTIVE JUROR: Well, given the fact that it hasn't come up yet, several years ago, I could have definitively said, no problem because I was a different person then, but I've been trained and dealt with this issue. It would be very hard. I'm not going to lie to you about that. If I know something and it has a bearing, it would be very hard not to say something.

MR. MONROE: You would have to make a decision based solely on what you hear from that witness stand and

11

nothing else. Can you do that? You're the only one that can answer the question. There is no shame in either answer.

PROSPECTIVE JUROR: Well, since I have nothing to go on, I could just throw out a yes or no. Truth is that based on what I hear, it's really going to determine what did I know because they said something or didn't say something. So especially if somebody doesn't say something that should have been said, that falls into that. That's why it's hard. If I know it, I know it. And that's a -- I can try but --

MR. MONROE: The risk is there?

PROSPECTIVE JUROR: The risk is there.

MR. MONROE: I don't have any further questions of this witness.

MR. BROWN: I have no further questions.

THE COURT: Okay. If you'll have a seat.

PROSPECTIVE JUROR: Yes, sir.

THE COURT: We'll wait to the end for any other challenges.

A trial court should grant a challenge for cause only if a potential juror's statements indicate that the jurors view would prevent or substantially impair the performance of his duties as a juror in accordance with his instruction and oath. Hughes v. State, 878 S.W.2d 142 (Tex Cr.App1993); Cockrum v. State 758 S.W. 2d 577(Tex. Cr.App1988 cert den 489U.S. 1072 1989).

The Code of Criminal Procedure allows both the State and Defense to challenge

12

for cause when the challenging side can show the juror is incapable or unfit to serve on the jury. Tex. Code Crim. Proc. Ann art. 35.16). In the present case. Juror Burns did not give any answer that would support a strike for cause.

In addition State attorney Mr. Monroe sought a commitment question from Juror Burns as to PTSD. As a general rule it is improper to ask a commitment question during voir dire because it would amount to an improper attempt to bind a juror. Allridge v. State, 850 S.W. 2 471 (Tex.Cr App 1991), cert denied 510 U.S. 831 (1983) In Standefer v. State, 59 S.W. 3d 177 (Tex.Cr.App 2001) this court set forth a three prong test to determine if a commitment question is improper. The court must first determine if one of the possible answers would give rise to a valid challenge for cause. Id at 182. In the Voir Dire examination of Juror Burns he did not submit an answer to Mr. Monroe's commitment question on PTSD that would support a finding under the first prong test in Sandefer.

As a result thereof it was harmful error to strike for cause Juror #3 Lee Burns.

## ISSUE NO. 2 (RESTATED)

The Appellant was not provided adequate assistance of counsel.

Appellant's Trial Counsel failed to file a Motion to Suppress with regard to the recorded interview of Appellant. At the time Appellant gave the interview he was intoxicated according to the testimony of the officer who conducted the interview. (RR3-52). See Wood v. State, 18 S.W. 3d 642, Tex.Cr.App, 2000) The

13

recorded interview was highly prejudicial to the Appellant.

In addition while the appellant was testifying a court Bailiff administered unknown medication to the appellant. Trial Counsel failed to explore the effects of the medication on the mental capacity of the Appellant to testify. State v. Murphy, 56 Wn 2d 761 (Washington 1960) although not a Texas case reversed jury verdict based upon Defendant being medicated during testimony.

The Defendant has the right to the effective assistance of counsel at trial. U.S. Const. amends VI and XIV. TEX CONST. art I, sec 10: Powell v. Alabama 287 U.S. 45 (1932). Counsel must act within the range of Competence demanded of counsel in criminal cases. McMann v. Richardson 262 F3d 336 (5th Cir. 2001), cert denied 535 U.S. 1120 (2002). The standard for review for ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984) In Strickland the U.S. Supreme Court established that the Defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. ID at 668. Courts have ruled that the failure to file and obtain rulings on pre-trial motions is ineffective assistance of counsel. See Sanders v. State, 715 S.W. 2d 771 (Tex. App.- Tyler 1986, no pet) Cooke v. State, 735 S.W.2 928 (Tex. App-Houston {14$^{th}$ Dist} 1987, pet ref'd; Perkins v. State 812 S.W.2d 326 Tex Crim App.1991).

Additionally, the failure of trial counsel to inquire into the medication being administered to appellant while he testified constitutes ineffective assistance of

14

counsel. Baldwin v. State, 668 S.W.2d 763 Tex App-Houston {1st Dist.} 1984, no pet.; Ruth v. State 522 S.W 2d 517 (Tex Crim App 1975.

Although the Court of Appeals opinion states that Appellant requested the medication there is no supporting testimony in the record as to this finding. The medication was administered to appellant by the bailiff and not a competent medical provider. Appellant's counsel failed to address any of this while questioning the Appellant.

The result of trial counsel's failure to file and obtain a hearing and rulings on a Motion to Suppress, and to inquire into the type of medication and its effects that was being administered to appellant while he testified falls within the spectrum of deficient performance by the trial counsel and cannot be supported by any sound trial strategy. Such deficiencies resulted in the Appellant being prejudiced in the trial of this cause.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully requests that this Court reverse the judgments of the trial court and render a judgment in the Appellants favor. Alternatively, Appellant prays that this court reverse and remand the case in its entirety to the trial court for a new trial on the guilt and innocence and sentencing phases of the case.

Respectfully submitted,

Law Offices of Gary F. Churak P.C.
14310 Northbrook, Ste. 210
San Antonio, Texas 78232
(210) 491-4443
Fax (210) 491-4446

By:_____
     Gary F. Churak
     State Bar No. 04245500
     Attorney for Appellant


## CERTIFICATE OF COMPLAINCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 3697 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was sent this 9th day of December 2015 to Scott Monroe, Kerr County District Attorney, 402 Clearwater Paseo, Kerrville, Texas 78028 pursuant to the Texas Rules of Appellate Procedure.

_____
Gary F. Churak

Print this page

# Envelope 8158236

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 12/09/2015 01:10:31 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | Gary Churak |
| Firm Name | Law Offices of Gary F. Churak P.C. |
| Filed By | Gary Churak |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.09 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $3.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $3.09 |

## Payment

| | |
|---|---|
| Account Name | law office |
| Transaction Amount | $3.09 |
| Transaction Response | |
| Transaction ID | 13290495 |
| Order # | 008158236-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Petition for Discretionary Review |
| Reference Number | 15-200 |
| Comments | |
| Status | Rejected |

### Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

### Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| | 12/11/2015 | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel in compliance with rule [Rule 68.4(a)]; it does not contain the identity |

| Other | 11:47:42 AM | of the trial court judge. The petition for discretionary review does not contain a copy of the court of appeals opinion [Rule 68.4(j)]. You have ten days to tender a corrected petition for discretionary review. |
|---|---|---|

## Documents

| *Lead Document* | 201512091242.pdf | [Original] |
|---|---|---|